COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

ADR FILED

APR - 8 2008

IFP

Name __Arnold Anthony__

(Last)          (First)          (Initial)

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Prisoner Number H-22763

Institutional Address _Salinas Valley State Prison P.O. Box 1050_

_Soledad California, 93960_

==========================================================

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Anthony Arnold
(Enter the full name of plaintiff in this action.)

vs.

M.S. Evans, Warden

G.A. Neotti, Chief Deputy Warden  )

A. Hedgpeth, Chief Deputy Warden

D.M. Mantel, Captain, A. Facility
(Enter the full name of the defendant(s) in this action))

C 08 01889 CW

Case No. _____
(To be provided by the clerk of court)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C §§ 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies

[Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.    Place of present confinement _Salinas Valley State Prison_

B.    Is there a grievance procedure in this institution?

YES ( )    NO ( )

C.    Did you present the facts in your complaint for review through the grievance procedure?

YES ( )    NO ( )

D.    If your answer is YES, list the appeal number and the date and result of the

- 1 -

COMPLAINT

appeal at each level of review. If you did not pursue a certain level of appeal,
explain why.

1. Informal appeal INSTITUTION BYPASSED INFORMAL LEVEL

_____

_____ 2. First

formal level INSTITUTION BYPASSED TO 2nd LEVEL.

_____

_____

3. Second formal level S.V.S.P-A-06-02615 APPEAL DENIED AUGUST

@t.28, 2007.

_____ 4 Third

formal level S.V.S.P. 06-02615 APPEAL DENIED ON SEPTEMBER

11, 2007. (see Exhibit (A) Attached Exhausted 602 CDCR. APPEAL. )

_____

E.    Is the last level to which you appealed the highest level of appeal available to
you?

        YES ( )      NO ( )

F.    If you did not present your claim for review through the grievance procedure,
explain why. NOT APPLICABLE

_____

_____

II.    Parties

A.    Write your name and your present address. Do the same for additional plaintiffs,
if any.

Anthony Arnold #H-22763 Salinas Valley State Prison

P.O. Box 1050 Soledad, California 93960-1050

_____

B.    Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                          - 2 -

1    place of employment.

2    M.S. EVANS, WARDEN.  G.A. NEOTTI, CHIEF DEPUTY WARDEN

3    A. HEDGPETH, CHIEF DEPUTY WARDEN.  D.M. MANTEL, CAPTAIN. A,

4    FACILITY. SALINAS VALLEY STATE PRISON, P.O. BOX 1050:

5    31625 HIGHWAY 101, SOLEDAD CALIFORNIA 93960-1050

6                                                                          III.

7    Statement of Claim

8         State here as briefly as possible the facts of your case.  Be sure to describe how each

9    defendant is involved and to include dates, when possible.  Do not give any legal arguments or

10   cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

11   separate numbered paragraph.

12   The plaintiff is being subjected to continuose violations

13   of the due process clause by way of state evidentiary rules

14   within prison authority that resulted in a denial of

15   fundemental fairness. Reasons of a denial herein numerous

16   evidentiary errors such that the totality of circumstances

17   constituted a deprivation of substantive "Due Process"

18   procedural guidelines. TheWarden, (2) Deputy Warden's, and

19   a Facility Captain, who deal directly with causing Pla-

20   intiff, sadistic suffering with a malicious disreguard to

21   the unmistakable manditory charecter's of Due Process.

22   Requiring that certain procedures "shall, Will,or Must

23   be employed.

24

25   IV.   Relief

26        Your complaint cannot go forward unless you request specific relief.  State briefly exactly

27   what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

28   1.) Order injunctive relief enjoining defendants. "

COMPLAINT                              - 3 -

1  M.S. Evans, G.A. Neotti, A. Hedgpeth and D.M. Mantel,

2  From the denial of manditory charecteristics of Due Process.

3  2.)Compensatior damages; 3.)Punitive damages according to   o

4  proof; 4.) Cost of suit; 5.) Reasonable attorneys fees

5  pursuant to 42 U.S.C. section 1988; 6.)Such further relief

6  as the court demands. Trial by jury demanded pursuant to
   Fed.R. Civ, Proc.38

7       I declare under penalty of perjury that the foregoing is true and correct.

8

9  Signed this ___O 6___ day of ___APRIL___, 20_08_

10

11  _____

12  (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                              - 4 -

1  Anthony Arnold H-22763

2  Salinas Valley State Prison

3  P.O. Box 1050

4  Soledad, Ca. 93960-1050

5              IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7          ANTHONY ARNOLD              )
                                       )   _____
8              PLAINTIFF               )
                                       )   Complaint Under The
9                V.                    )
                                       )   Civil Rights Act.
10   M.S. EVANS, WARDEN.               )
                                       )   Title 42 U.S.C. §1983;
11   GA. NEOTTI, CHIEF DEPUTY WARDEN.  )
                                       )
12   A. HEDGPETH, CHIEF DEPUTY WARDEN. )
                                       )
13   D.M. MANTEL, CAPTAIN, A. FACILITY.)
                                       )
14  (Defendant(s) in this action.)     )

15    This is a Civil action authorized by 42 U.S.C. sec. 1983 to redress the

16  deprivation, under color of state law, of rights secured by the Constitution

17  of the United States. The Court has jurisdiction under 28 U.S.C. sec. 1343.

18  Planiff seek declaratory relief pursuant to 28 U.S.C. secs. 2201 and 2202.

19    Plaintiff Anthony Arnold, is and was at all times mentioned herein a

20  prisoner of the State of California in the custody of The California Department

21  of Corrections, and Rehabilitation. Plaintiff is currently confined in Salinas

22  Valley State Prison, in the city of Soldead California. Circumstances of

23  concern will harm plaintiffs chances for parole, plaintiff comes up for

24  review on  DECEMBER    OF 2008

25    Defendant, M.S. Evans, is the Warden of Salinas Valley State Prison.

26  He is legally responsible for the operation of prison where plaintiff is

27  confined, and for the welfare of all the inmates of that prison.



1    Defendant, D.M. Mantel, is a correctional Captain of Salinas Valley State

2    Prison. For The Department of Correction and Rehabilitation who, at all

3    times mentioned in this complaint held the rank of Captain, conflict of

4    administrators shifting rank to deliberately influence the adjudication:

5    Marked Exhibit D.1

6    Each defendant is sued individually and in his or her official capacity.

7    At all times mentioned in this complaint each defendant acted under the

8    color of California law.

9    Plaintiff has been subjected to continuous violations of the due process

10   clause by way of disciplinary evidentiary rules within prison authority

11   that resulted in a denial of fundamentel fairness, reasons of this denial

12   comes by way of numerous evidentiary errors such that the totality of

13   circumstances which constituted a deprivation of substantive due process

14   procedural guidelines. The Defendant, M.S. Evans, and Co-defendant D.M.

15   Mantel, who deal directly with the unmistakably mandatory character of due

16   process requiring that certain procedures "Shall, Wlii, or Must" be employed.

17   This department is using it's own rules that have constrain plaintiff, on

18   the sole ground that make plaintiff, intellectually and morally subservient

19   to the conformists who for the majority deny plaintiff, the independence

20   to which is entitled under due process.

21   Actions of administrator's intrinsic worth of every individual has

22   deteriorated into a tradition of subjecting a defined class of criminals

23   to a regime in which theri right to liberty is determined by officials wholly

24   unaccountable in the exercise of their power.

25   DATE: 4-06-08

ANTHONY ARNOLD.

# EXHIBIT A

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **DEC 2 3 2007**

In re: Anthony Arnold, H22763
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0709420          Local Log No.: SVSP-07-02176

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #A07-02-0049R, dated July 12, 2006, for Promoting Gang Activity on a S.N.Y. The appellant contends that the confidential information relied upon is erroneous. He claims that the use of the confidential information was in violation of the settlement agreement of Castillo v. Alameda. It is the appellant's position that he is not guilty of the RVR as charged. He requests dismissal of the RVR.

**II   SECOND LEVEL'S DECISION:** The RVR was ordered to be reissued and reheard based upon a procedural error during the original adjudication of the RVR. On June 13, 2006, an investigation into gang/disruption group activities at the institution concluded. The investigation revealed that the appellant was actively involved in "2-5" gang activities. The decision was based partially upon confidential information. The appellant was provided four CDC Form 1030, Confidential Information Disclosure Forms, disclosing as much information as possible, without identifying the sources. The CDC 1030s, identifying the appellant as being involved in the misbehavior were appropriately documented. The information from confidential sources included an evaluation of the source's reliability, a brief statement of the reason for the conclusion reached, and a statement of reason why the information or source was not disclosed. The confidential documents were reviewed, signed, and dated by managerial staff to indicate approval of the confidential designation and placement in the confidential section of the appellant's central file. The documented reliability of the sources satisfied the decision-maker that the information is true. The reviewer found that time constraints were not met in the adjudication of the RVR; therefore, no forfeiture of credit was assessed as a penalty portion of in the RVR. The appellant was afforded due process, including a fair and unbiased hearing by an impartial Senior Hearing Officer. The appellant did not meet the criteria for the assignment of an Investigative Employee to assist in the gathering of evidence. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. The appellant waived that witnesses be present at the hearing. The terms of the Settlement Agreements of both Castillo v. Alameida and Castillo v. Terhune were both reviewed and neither refutes this disciplinary process.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** The appellant was afforded due process in the adjudication of the RVR, but not all procedural guidelines were met. Therefore, no forfeiture of credit was assessed in the penalty assessment of the RVR. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

   **B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3005, 3023, 3315, 3318, 3320, 3323

   **C.   ORDER:** No changes or modifications are required by the Institution.

ANTHONY ARNOLD, H22763
CASE NO. 0709420
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Appeals Coordinator, SVSP

# Memorandum

**Date:**    October 4, 2006

**To:**     Inmate ARNOLD, H22763
Salinas Valley State Prison

**Subject:** SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-A-06-02615

**ISSUE:**    The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log # A-06-07-0028 dated 07/12/06 for "Promoting Gang Activity on a Sensitive Needs Yard." Appellant claims due process violations occurred during the hearing. Appellant claims he was provided only one CDC 1030, "Confidential Information Disclosure Form." Appellant claims he informed his assigned Investigative Employee (IE) he did not receive all the CDC 1030's. Appellant claims he informed the Senior Hearing Officer (SHO) that he did not receive all the CDC 1030's. Appellant states the SHO did not disclose all of the evidence relied upon for the finding. Appellant contends the CDC 1030's did not contain sufficient information with which to defend himself. Appellant stated CDC 1030 dated 07/13/06 identifies appellant as having a pair of lips tattooed on his body and appellant states he does not have a tattoo of a pair of lips. Appellant stated the SHO denied appellant's requested witnesses.

Appellant requests the removal of all false documentation and false charges, 128's, 114-D, 1030's to be removed from his C-File. Appellant requests to be scheduled to appear before Institution Classification Committee (ICC) and transferred to another institution with a Sensitive Needs Yard. Appellant requests no reprisals for submitting this appeal.

**REGULATIONS:** The rules governing this issue are:

CCR 3023 Gang Activity
CCR 3315 Serious Rule Violations
CCR 3320 Hearing Procedures and Time Limitations
CCR 3321 Confidential Material

**SUMMARY OF INVESTIGATION:**    The First Level of Review was bypassed per CCR 3084.5(b). T. Variz, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

A review of the RVR indicates that appellant was charged with CCR 3023, for the specific act of "Promoting Gang Activity on a Sensitive Needs Yard."

The charge was classified as a Division "F" offense. The discovery date of the RVR was 07/12/06.

Appellant received his copy of the RVR on 07/25/06, which was within fifteen (15) days of the discovery.

The RVR was not referred to the Monterey County District Attorney (DA) prosecution. The RVR reflects that he attended the disciplinary hearing held on 08/06/06, and pled "Not Guilty" to the charge.

The hearing was held within thirty (30) days from the date that appellant was provided a copy of the RVR. The Senior Hearing Officer (SHO) determined a guilty finding, and assessed thirty (30) days credit loss forfeiture.

Other time constraints related to the RVR were met; all copies of evidence were issued 24 hours prior to the hearing, and appellant was afforded all due process rights with regards to witnesses.

Appellant is not a participant in the Mental Health Services Delivery System. A Staff Assistant was not assigned per CCR 3315 (d)(2). An Investigative Employee (IE) was assigned. Review of the time constraint items reveals that all the documents were processed and issued to the appellant in the proper timeframes.

The appellant's filing and attachments have been reviewed. The appellant's numerous issues have been reviewed with regard to his claim of due process violations which he claims occurred prior to and during the hearing. The appellant is partly correct.

The California Code of Regulations (CCR) Section 3321 (b)(2) states, "Any document containing information from a confidential source shall include an evaluation of the source's reliability, a brief statement of the reason for the conclusion reached, and a statement of reason why the information or source is not disclosed." This requirement covers an RVR as well as a confidential information report and a CDC 1030. The SHO is required to explain his evaluation of each source's reliability and how he came to his judgment. In this case, the SHO did not document his evaluation of the confidential information he relied upon to render a finding of guilt. CCR Section 3084.5 (h)(2)(C) states, "Confidential information was used and the disciplinary findings did not address the reliability of the source and the validity of the information." Therefore, this appeal is partially granted in that a modification order is required to order the RVR reissued as a result of due process error.

DECISION: The appeal is Partially Granted.    MODIFICATION ORDER REQUIRED

MODIFICATION ORDER:  In accordance with Title 15, California Code of Regulations Section 3312(b)(1), Complex-II Chief Disciplinary Officer (CDO) is ordered to have Rule Violation Report A-06-07-0028 dated 07/12/06 retyped and reissued within fifteen (15) days of the date of this order. Please ensure the date of the rehearing order is included in the body of the Rule Violation Report, including the name of the CDO ordering the rehearing. You are ordered to assign a new Senior Hearing Officer to this matter and ensure that all procedural due process rights are afforded the inmate as provided in Title 15, Division 3.  A copy of this order must be served on Inmate ARNOLD, CDC No. H22763, and documented on the Rule Violation Report.  A copy of this order must remain with the reheard Rule Violation Report and is a permanent record.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.


A. HEDGPETH
Chief Deputy Warden
Salinas Valley State Prison

NAME and NUMBER   **ARNOLD**    **H-22763**                                    CDC-128-B

On Sunday, July 11, 1999, I interviewed inmate ARNOLD, H-22763 and advised him that Sergeant Frates had received information about him from a confidential source. The information indicated that ARNOLD was going to be assaulted by the hispanic inmates known as the two-fives. The information received was determined to be at least second hand. Inmate ARNOLD indicated that he had no problems with anyone on the yard and that he would advise staff if he became aware of a problem. Inmate ARNOLD stated that he did not wish to be placed in Administrative Segregation.

Orig: C-file
cc: Fac. Lt.
    Fac. Sgt.
    CC II
    Inmate

J. WEGNER, Correctional Lieutenant
Facility B, Second Watch

DATE  July 11, 1999      INFORMATIVE                                GENERAL CHRONO

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. ~~SVSP~~ A

Log No.
1. 07-02170

Category
(1) (6)

Record request - remove info    COW/Mdline

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| ARNOLD, A. | H22903 | | A1-147L A1-108 |

**A. Describe Problem:** THIS APPEAL IS PURSUANT TO CCR 3084.1, IN REGARDS TO RVR # A07-02-0049R FOR THE SPECIFIC ACT OF PROMOTING GANG ACTIVITY (1) A.S.N.Y DATED 7/12/06 APPELLANT IS PURSUING TO CALIFORNIA PENAL CODE REGULATIONS 3084(E)(1)(3) + GOVERNING CODE SECTION 14572(0)(F) TO ADDRESS ALL DUE PROCESS VIOLATION BY SENIOR HEARING OFFICER LT. R.A. KESSLER WHO DIDN'T HANDLE HIS POSITION APPROPRIATELY + CLEARLY DISPLAYED DELIBERATE INDIFFERENCE TO APPELLANT DUE PROCESS AND PROCEDURAL SAFE GUARDS AS MANDATED BY CASE LAW + IS OUTLINED IN THE U.S. CONSTITUTION + STATE CONSTITUTION + AS DEFINED PURSUANT TO THE DIRECTORS RULES AND NCR AIGO

If you need more space, attach one additional sheet.

**B. Action Requested:** THE REMOVAL OF ALL FALSE DOCUMENTATION + CHARGES, FOR OUTSIDE AGENCY TO REVIEW + CONDUCT INVESTIGATION INTO THESE FALSE ALLEGATIONS. TRANSFER TO ANOTHER S.N.Y. + FORMAL CHARGES PURSUANT TO PENAL CODE § 118.1 - 131, + 134 TO PRESSED AGAINST STAFF INVOLVED FOR SUBMITTING FALSE DOCUMENTS + NO FURTHER HARASSMENT/ OR REPRISALS TO BE TAKEN AGAINST

Inmate/Parolee Signature: _(signature)_    RECEIVED MAY 07 2007    Date Submitted: 4-24-07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

DELIVERED MAY 03 2007

~~BYPASS~~

RECEIVED SEP 26 2007 INMATE APPEALS BRANCH

RECEIVED APR 25 2007

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

~~BYPASS~~

CDC Appeal Number:
[          ]

DUPLICATE

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date: _____

Interviewed by: _____

# BYPASS

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:

Signature: _____ Title: _____

Returned

Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

# BYPASS

Signature: _____ Date Submitted: _____

Second Level □ Granted □ P. Granted ☑ Denied □ Other ___

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 5-4-07  8/20/07   Due Date: _____ 10/2/07

☑ See Attached Letter

REC'D AUG 20 2007    DELIVERED AUG 1 0 2007    RECEIVED AUG 20 2007

Signature: _____ Date Completed: 9/4/07

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DISSATISFIED DUE TO THE FACT THAT THE REVIEWER FAIL TO ADDRESS THE RELIABILITY OF THE SOURCE AND THE VALIDITY OF THE INFORMATION. CCR SECTION 3084.5(H)(2)(C) (SEE ATTACHED EXHIBITS #2 # 3 # 4 # 10) ALSO FAIL TO FOLLOW MODIFICATION ORDER ON OCTOBER 4 2006 IN REGARDS OF THE CONFIDENTIAL INFORMATION IN ESTABLISHING THE EVALUATION OF EACH SOURCES RELIABILITY.

Signature: _____ Date Submitted: 9-21-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: □ Granted □ P. Granted ☑ Denied □ Other ___

☑ See Attached Letter

Date: DEC 2 3 2007

CDC 602 (12/87)

REGULATIONS TITLE 15, DOM (DEPT. OPERATION MANUAL)

STATEMENT OF FACTS: ON WEDNESDAY, MARCH 28, 2007, APPELLANT WAS FOUND GUILTY SOLELY ON 1030'S CONFIDENTIAL DISCLOSURE FORMS AUTHORED BY SGT. M. THOMAS IN WHICH HE FAILS TO EVALUATE THE RELIABILITY OF THE INFORMATION AS REQUIRED BY CCR 15 3321. THE ALLEGEMENT TO "PROMOTE GANG ACTIVITY ON A SENSITIVE NEEDS YARD" IS UNFOUNDED BECAUSE IT FAILS TO DISCLOSE ANY TIMES, DATES, STATEMENTS, IN GIVING APPELLANT AS MUCH INFORMATION TO DEFEND HIMSELF WITHOUT REVEALING THE SOURCE, AS STATED IN CCR 15 3321(3)(A)(B) DOM. (DEPT. OPERATION MANUAL) 61020.9.

... THE REVIEWER WILL SEE THE 1030 DATED 7/13 " STATING THAT APPELLANT HAS A PAIR OF LIPS TATTOO ON HIS BODY WHICH HAS PROVEN TO BE AN IDENTIFIER OF THOSE BELONGING TO THE " 2-5" [ SEE CONFIDENTIAL REPORT AUTHORED BY SGT. M. THOMAS IN THE CONFIDENTIAL SECTION OF APPELLANT C-FILE] APPELLANT DOES NOT HAVE ANY LIPS TATTOO ON HIS BODY. UPON REQUEST FOR A 7219 BODY INSPECTION TO SHOW THAT APPELLANT DOES NOT HAVE LIP'S TATTOO ON HIS BODY REQUEST WAS DENIED BY STAFF. AT THE HEARING APPELLANT SHOWED THE SENIOR HEARING OFFICER, EVIDENCE IN WHICH SHOWS THAT APPELLANT WAS A "VICTIM TO THIS 2-5 GANG" & A DECLARATION IN WHICH SHOWS THAT "INMATE" BURGOS" WAS ONE OF THE INFORMANTS WHO PROVIDED FALSE INFORMATION TO SGT. M. THOMAS. [ SEE EXHIBIT # 8 AND #9 ] THE 1030'S ENCLOSED DOES NOT MEET THE CRITERIA OF RELIABILITY PURSUANT TO CCR-15 § 3321 + 3084 (5)(6)(L)(C) IN — VIOLATION OF U.S. CA. CONST- AMEND 14TH (EQUAL PROTECTION, CAL-CONST-ART-1 § § 7(9) + 15 ACCORD- PENAL CODE § 2600. 8TH AMENDMENT OF BOTH STATE + U.S. CONSTITUTION PROTECTS APPELLANT FROM UNCONSTITUTIONAL ACTION ON PART OF PRISON AUTHORITIES CARRIED OUT UNDER THE COLOR OF STATE LAW [WASHINGTON VS. LEE 263 F. SUPP 331] THERE APPEARS TO BE A MALFEASANCE AND HIGH DEGREE OF MENTAL FLEXIBILITY OF STAFF DUTIES AND OBLIGATIONS TO INSURE FAIRNESS IN THERE COMMITMENT TO MAKE DECISIONS THAT EFFECT APPELLANTS. RELATIVE OPPORTUNITY FOR ADVANTAGEOUS CUSTODY + PROGRAMING IS ALSO WITHOUT ANY PENOLOGICAL JUSTIFICATION AND HAS A SEVERE PHYSOLOGICAL + PHYSICAL EFFECT UPON APPELLANT + HIS FAMILY.

IN ADDITION, THIS APPEAL IS SUBMITTED UNDER THE AUTHORITY PURSUANT TO ALL SUPPORTING POINTS AND AUTHORITIES SET FORTH HEREIN IN SUPPORT OF ALL PERTINENT ISSUES HEREIN +

IN RESERVING RIGHTS TO RAISE ISSUE(S) SURFACING, RESULTING FROM INITIAL CAUSE OF ACTION to be RAISED AT THE APPROPRIATE LEVEL, FEDERAL-CIVIL ACTION, — LITIGATION.

"20 PAGES ENCLOSED"

D

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    August 28, 2007

To:    Inmate ARNOLD, H-22763
       Salinas Valley State Prison

Subject:    SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-A-07-02176

### ISSUE:

The appellant is submitting this appeal relative to a Reissue/Rehear CDC Form 115, Rules Violation Report (RVR), Log #A07-02-0049R, dated 2/22/07 (date of order for reissue/rehear from Chief Disciplinary Officer) for "Promoting Gang Activity on a Sensitive Needs Yard."

The appellant states he was found guilty solely on confidential information (in violation of the settlement agreement of *Castillo v Alameida*). The confidential information was unreliable and false.

The appellant requests that the RVR be dismissed and an investigation to be conducted by an outside agency.

### REGULATIONS:

CCR Title 15 §3315 Serious Rule Violations
CCR Title 15 §3318 Assistance to Inmates for Serious Rule Violations
CCR Title 15 §3320 Hearing Procedures and Time Limitations
CCR Title 15 §3323 Disciplinary Credit Forfeiture Schedule
Notification of the Terms of the Settlement Agreement in *Castillo v. Terhune* dated March 10, 2005

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed by Eloy Medina on 8/23/07.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and supporting documentation is reviewed for procedural or due process requirements. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

DELIVERED SEP 1 1 2007

Inmate ARNOLD, H-22763
Appeal Log Number-SVSP-A-07-02176
Page 2 of 4

A review of the RVR indicates that the appellant was charged with CCR 3023(a), for the specific act of "Promoting Gang Activity on a Sensitive Needs Yard." The charge was classified as a Division "F" offense.

The discovery date of the RVR was 2/22/07 when the original RVR was ordered reissue/rehear by the Chief Disciplinary Officer. The appellant received his copy of the RVR on 3/6/07, which was within fifteen (15) days of the discovery. The appellant was provided with his copy of the entire RVR. The hearing was conducted on 3/28/07, which was within thirty (30) days of issuance of the RVR.

The RVR was not referred to the Monterey County District Attorney's (DA) office for possible prosecution.

The RVR reflects that the appellant pled "Not guilty" to the charges.

A Staff Assistant was not assigned due to the appellant's TABE score being above 4.0.

Appellant was not a participant in the Mental Health Services Delivery System (MHSDS). The circumstances of the RVR did not indicate that the appellant displayed any bizarre behavior that would raise concerns about his mental health.

The appellant was not assigned an Investigative Employee per CCR 3315(d)(1).

During the interview with the appellant, the appellant told the Second Level Reviewer that Correctional Lieutenant R. Martinez, the Institution Gang Investigator, could exonerate the appellant.

Lt. Martinez was interviewed by the Second Level Reviewer on August 27, 2007. Lt. Martinez stated he did not know the appellant and could not confirm/refute the charges against the appellant.

The appellant states he was found guilty solely on confidential information (in violation of the settlement agreement of *Castillo v Alameida*). The appellant attached a document titled RE: SETTLEMENT OF CASTILLO V. ALAMEIDA dated February 12, 2005 to support his argument.

The attachment was reviewed. In addition, the departmental memorandum titled Notification of the Terms of the Settlement Agreement in *Castillo v. Terhune* dated March 10, 2005, was also reviewed.

Both documents refer only to the gang validation process; neither address the disciplinary process for "promoting gang activity". Neither refute the disciplinary process outlined in the CCR or DOM.

**Inmate ARNOLD, H-22763**
**Appeal Log Number-SVSP-A-07-02176**
**Page 3 of 4**

The CCR outlines the use of confidential information. CCR 3321(b) states no decision shall be based upon information from a confidential source, unless other documentation corroborates information from the source, or unless the circumstances surrounding the event and the documented reliability of the source satisfies the decision maker(s) that the information is true.

During interview, the appellant stated only the Institution Gang Investigator could conduct an investigation into the allegations of "promoting gang activity".

On September 4, 2007 Institution Gang Investigator R. Martinez was interviewed by the Second Level Reviewer regarding this claim. Lt. Martinez stated the *Castillo* Settlement refers to the validation process for prison gang members. The RVR is not related to the validation process for a prison gang.

Therefore, this review indicates that all due process was met.

**DECISION**: The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

# EXHIBIT B

804 to Records    Date:
STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT**                              READ

| CDC NUMBER E-22763 | INMATE'S NAME ARNOLD | | | RELEASE/BOARD DATE 12/23/2003 | INST. SVSP | HOUSING NO. A2-105 | LOG NO. A07-02-0049R |
|---|---|---|---|---|---|---|---|
| VIOLATED RULE NO(S) C.C.R. 3323(a) | | SPECIFIC ACTS Promoting Gang Activity on a S.N.Y. | | LOCATION Fac. "A" Yard | | DATE 07/12/06 | TIME 1200 hours |

CIRCUMSTANCES

On February 22, 2007, RVR Log # A06-07-0028 has been ordered Reissued/Rehear Per CCR 3312(b)(1). This disciplinary RVR will be vacated and is ordered under new RVR Log # A06-07-0049R, with new time constraints beginning 02/22/07, per A. Hedgpeth, Chief Deputy Warden (C.D.W.).

On 03/16/06, you were placed in Administrative Segregation pending the completion of an investigation into your alleged involvement in promoting/participation in gang/disruption group activity on a Sensitive Need Yard (S.N.Y.) at Salinas Valley State Prison (S.V.S.P.), Facility "A". (Refer to CDCR 1030 Confidential Disclosure Forms dated 03/15/06 ). On July 13, 2006, this investigation was completed. The investigation revealed that Inmate ARNOLD (E-22763) was actively involved in 2-5 gang activity on Facility "A" S.N.Y. at S.V.S.P. This disruption group has been identified as planning, organizing and soliciting unlawful acts (Enforcing 2-5 Policy & Regulations) on behalf of the organization.

CONTINUED SEE CDCR 115-C
Inmate ARNOLD **is not** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) ▶ N. Thomas, Correctional Sergeant | | DATE 4/28/07 | ASSIGNMENT "A" Yard Sergeant | RDO'S F/S |
|---|---|---|---|---|
| REVIEWING SUPERVISOR'S SIGNATURE ▶ | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
| | | DATE | LOC. | |
| CLASSIFIED ☒ ADMINISTRATIVE ☐ SERIOUS | OFFENSE DIVISION: I | DATE 4/6/07 | CLASSIFIED BY (Typed Name and Signature) ▶ R PARIN | HEARING REFERRED TO ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☐ CDC 115 A07-02-0049R | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE ▶ | DATE | TIME |
|---|---|---|---|---|
| REVIEWED BY: (SIGNATURE) ▶ | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-22763 | ARNOLD | A07-02-0040R | SVSP | 02/22/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

According to the information gathered during the investigation, Source #1 identified Inmate ARNOLD as one of the main inmates orchestrating 2-5 gang activity and enforcing policy for 2-5 on Facility "A". Source #2 also identified Inmate ARNOLD attempting to recruit other Inmates on Facility "A" to join this disruptive group. Source #3 Identified Inmate ARNOLD as an active 2-5 member. Based on the information obtained throughout the investigation, it was concluded that Inmate ARNOLD knowingly promoted and attempted to organize 2-5 gang actively on Facility "A" S.N.Y. Inmate ARNOLD's actions actively represents a serious threat to the institutional security. Inmate ARNOLD is aware of this report.

M. Thomas, Correctional Sergeant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 2/22/07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-22763 | ARNOLD | CCR 3023(a) | 02/22/07 | SVSP | A07-02-0049R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☑ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ NA | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☑ NOT ASSIGNED | REASON |
|---|---|
| | DNMc Per CCR 3315 (d)(2) |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☑ NOT ASSIGNED | REASON |
|---|---|
| | DNMc B CCR 3315(d) |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☑ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| C/o Flas | ☐ | ☐ | | ☐ | ☐ |
| C/o O. Morales | ☐ | ☐ | | ☐ | ☐ |

**INVESTIGATIVE REPORT:** Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)          — *If additional space is required use supplemental pages* —          OSP 03 74845

# EXHIBIT C



DECLARATION UNDER PENALTY OF PERJURY OF
INMATE CHAMBERS C-17074-A1-120
INMATE CHAMBERS, being competent to make
this declaration and having personal knowledge
of the matters stated therein, declares pursuant
to 28 U.S.C. § 1746. The following questions from
INMATE ARNOLD #H22763

Q#1  How long were you celled up with inmate Burgos
        2 to 4 months.
    * (Inmate Arnold was building mac rep #)
Q#2  Were you aware inmate Burgos held a grudge —
     against inmate Arnold for moving him out of building
     #1 (one)?   Yes.

Q#3  Were you aware inmate Burgos had started racial ten-
     sion amongst Hispanic + Black inmates + that inmate
     Arnold notify C/O Mendoza + C/O Elias about inmate
     Burgos problem?   No, I was not aware.

Mr. Chambers can you please state on your own words
why did inmate Burgos held a grudge against inmate
Arnold.
        Inmate Burgos told me that he's
had it in for you since Mule Creek State Prison.

Pursuant to 28 U.S.C. § 1746, I declare under
penalty of perjury that the foregoing is true
and correct. Executed on 4/24/07

                        Sign A. B. Chue

STATE OF CALIFORNIA
CDC 1030 (12/86)



DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: H-227163                    INMATE NAME: Arnold

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   *[handwritten note at right: original 1030. then 1030S. then (c w/i 3/6/07)]*

   a) CDC-115, Disciplinary Report dated _____ submitted by _____

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated 7/13/06

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐  This source has previously provided confidential information which has proven to be true.

   b) ☐  This source participated in and successfully completed a Polygraph examination.

   c) ☒  More than one source independently provided the same information.

   d) ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒  Part of the information provided by the source(s) has already proven to be true.

   f) ☐  Other (EXPLAIN) _____

3) Disclosure of information received.

   The information received indicated the following: You have been identified by multiple sources as being a member of the disruptive group known as "2-5". You also have a Pair of lips tattoo which has proven to be an identifier of those belonging to the "2-5".

   _____
   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). CM dtd 7/13/06 by Sgt Thomas in the Conf Sect of C-file

   _____                    _____
   STAFF SIGNATURE, TITLE  K___ c/o                          DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; YELLOW – Inmate; PINK — Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: H-22763          INMATE NAME: Arnold

1)  **Use of Confidential Information.**

    Information received from a confidential source(s) has been considered in the:

    a)  CDC-115, Disciplinary Report dated Feb 22, 2007 (Reissue/Rehear) _____ submitted by

    M. Thomas
    _____
    STAFF NAME, TITLE

    b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  **Reliability of Source.**

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a)  ☐  This source has previously provided confidential information which has proven to be true.

    b)  ☐  This source participated in and successfully completed a Polygraph examination.

    c)  ☑  More than one source independently provided the same information.

    d)  ☐  This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e)  ☐  Part of the information provided by the source(s) has already proven to be true.

    f)  ☐  Other (EXPLAIN) _____

    _____

3)  **Disclosure of information received.**

    The information received indicated the following: On July 13, 2006 it was determined
    that you were Actively involved in Z-5 gang Activity on
    Facility "A" SNY AT SUSP. Source #3 identified you
    As An Active Z.S member.

    _____

    _____

    *(If additional space needed, attach another sheet.)*

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
    folder) Confidential Memo in Confidential Material Folder in
    Your Central File

    _____        _____
    STAFF SIGNATURE, TITLE                    3-6-07
                                         DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; YELLOW – Inmate; PINK — Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: H-227163            INMATE NAME: Arnold

1) **Use of Confidential Information.**

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated Feb 22, 2007 (Reissue/Rehear) submitted by
   M. Thomas
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) **Reliability of Source.**

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☑ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (EXPLAIN) _____

3) **Disclosure of information received.**

   The information received indicated the following: On July 1st 2006 it was determined that you were Actively involved in 2-5 gang Activity on Facility "A" SNY. At SVSP. According to the information gathered, Source #2 identified you as an active 2-5 gang member and attempting to recruit other Inmates on Facility "A" to Join.

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). Confidential Memo in Confidential Material Folder in your Central File

STAFF SIGNATURE, TITLE            3-6-07    DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; YELLOW - Inmate;  PINK — Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: H-22763        INMATE NAME: Arnold

**1) Use of Confidential Information.**

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _Feb 22, 2007_ (Reissued/Rehear) submitted by

_M. Thomas_
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

**2) Reliability of Source.**

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☑ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

_____

**3) Disclosure of information received.**

The information received indicated the following: On July 13 2006 it was Determined that you were Actively involved in 2-5 gang Activity on Facility "A" C.N.V. At SHSP. According to the information gathered, Source #1 identified you as one of the main Inmates orchestrating 2-5 gang Activity ∓ Enforcing policy for 2-5 on Facility "A".

_____

(If additional space needed, attach another sheet.)

**4)** Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). Confidential Memo in Confidential Material Folder in your Central File

_____        3/6/07
STAFF SIGNATURE, TITLE        DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; YELLOW – Inmate; PINK — Institution Use

# EXHIBIT D-1

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT                      MEPD

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| H-22763 | ARNOLD | 12/23/2003 | SVSP | A2-105 | A07-02-0049R |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| C.C.R. S3023(a) | Promoting Gang Activity on a S.N.Y. | Fac. "A" Yard | 07/12/06 | 1200 hours |

**CIRCUMSTANCES**

On February 22, 2007, RVR Log # A06-07-0028 has been ordered Reissued/Rehear Per CCR 3312(b)(1). This disciplinary RVR will be vacated and is ordered under new RVR Log # A06-07-0049R, with new time constraints beginning 02/22/07, per A. Hedgpeth, Chief Deputy Warden (C.D.W.).

On 03/16/06, you were placed in Administrative Segregation pending the completion of an investigation into your alleged involvement in promoting/participation in gang/disruption group activity on a Sensitive Need Yard (S.N.Y.) at Salinas Valley State Prison (S.V.S.P.), Facility "A". (Refer to CDCR 1030 Confidential Disclosure Forms dated 03/15/06 ). On July 13, 2006, this investigation was completed. The investigation revealed that Inmate ARNOLD (H-22763) was actively involved in 2-5 gang activity on Facility "A" S.N.Y. at S.V.S.P. This disruption group has been identified as planning, organizing and soliciting unlawful acts (Enforcing 2-5 Policy & Regulations) on behalf of the organization.

CONTINUED SEE CDCR 115-C

Inmate ARNOLD is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| M. Thomas, Correctional Sergeant | 2/28/07 | "A" Yard Sergeant | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| C. CONCUIZ CORR. SGT | 3.1.07 | DATE _____ LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | F | 3/1/07 | C. — RPANIN | ☐ HO ☐ SHO ☐ SC ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☐ CDC 115 A07-02-0049R | BY: (STAFF'S SIGNATURE) | DATE 3/6/07 | TIME 1200 | TITLE OF SUPPLEMENT Reissue/Rehear Memo 2/3 1030's |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE)   DATE 3/6/07 1/6/07  TIME 1200 1222 |

**HEARING**

This RVR is a Reissued/Rehear per A. Hedgpeth Chief Deputy Warden (C.D.W.). The original RVR was adjudicated on 08/06/06, at which time Inmate ARNOLD was found Guilty.

PLEA: Not Guilty

FINDINGS: Inmate ARNOLD was found Guilty of CCR §3023(a), specifically; "Promoting Gang Activity on a Sensitive Needs Yard" a Division "F" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: (SEE CDCR 115-C.)

DISPOSITION: Inmate ARNOLD is assessed 0 forfeiture of days due to time constraints not being met.

ADDITIONAL DISPOSITION: None.

CLASSIFICATION REFERRAL: Inmate ARNOLD is referred to UCC for program review.

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | |
|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE 3/28/07  TIME 0945 |
| R.A. Kessler, Correctional Lieutenant | Faker G | |
| REVIEWED BY: (SIGNATURE) | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE 4/13/07 |
| S. Hatton, Captain (A) | D.M. Mantel C.D.O. (A) | |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE 4-18-07  TIME 1200 |

CDC 115 (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __3__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-22763 | ARNOLD | A07-02-0049R | SVSP | 03/28/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

The modification order was written on 11/15/2006. Facility "A" received this modification order on 02/22/07, as indicated by the stamp on the modification order. The "Reissued" RVR was typed with new time constraints beginning on 02/22/07. This is an error. The new time constraints should have begun on the date the modification order was typed (11/15/07). TIME CONSTRAINTS HAVE BEEN LOST.

**Hearing:** 03/28/07   **TIME:** 0945 hours   **Any Postponement Explained:** None

**Inmate's Health:** Inmate ARNOLD stated his health was good. **MHSDS:** Inmate ARNOLD **is not** a participant in the Mental Health Services Delivery System. The circumstances of the RVR do not indicate that Inmate ARNOLD exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate ARNOLD did not demonstrate any strange, bizarre, or irrational behavior. Based on this and pursuant to recent changes approved by the U.S. District Court on COLEMAN, a mental health assessment was not initiated.

**Staff Assistant (SA):** Inmate ARNOLD'S TABE score is above 4.0. Therefore, a Staff Assistant was not assigned per CCR §3315(d)(2). Inmate ARNOLD explained his understanding of the charges/process/options/instructions to the Senior Hearing Officer's (SHO) satisfaction. Inmate ARNOLD read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the SHO.

**Investigative Employee (IE):** An Investigative Employee was not assigned per CCR §3315(d)(1).

**Date of Discovery:** 03/16/06   **Initial RVR copy issued on:** 03/06/07
**Hearing started on:** 03/28/07   **Last document issued to inmate on:** 03/06/07
**D.A. postponed date:** None   **D.A. results issued date:** None

**Time Constraints:** Inmate ARNOLD acknowledged receipt of all reports to be used in evidence and was ready to proceed with the hearing. Copies of all reports were issued more than 24 hours prior to the hearing. The disciplinary was not served on Inmate ARNOLD within 15 days of discovery and the hearing has been held within 30 days. All time constraints have not been met.

**D.A. Referral:** None   **Evidence Requested or Used:** None   **External/Outside Evidence:** None.   **Video Tape Evidence:** N/A

**Inmate Plea Statement:** Inmate ARNOLD entered a plea of Not Guilty and stated, "Based on the 1030's, I cannot properly defend myself. There is not enough information on the 1030's."

**Witnesses Requested or Provided:** Inmate ARNOLD requested Correctional Sergeant M. Thomas the Reporting Employee, Correctional Officers O. Mendoza and E. Elias to be called as witnesses at his hearing. SHO granted this request. However, at the hearing Inmate ARNOLD had no questions for these witnesses.

**Witness Testimony at Hearing:** None

**Confidential Information:** See Confidential Information Disclosure Form dated 11/15/07, (Reissue/Rehear) authored by Correctional Sergeant M. Thomas.

CONTINUED SEE CDCR 115-C

R.A. Kessler, Correctional Lieutenant

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| R. Kessler | 3/28/07 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 4/18-07 | 1700 |

CDC 115-C (5/95)

OSP 99 23082

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-27630 | ARNOLD | A07-02-0049R | SVSP | 03/28/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

**FINDINGS (CON'T):** Inmate ARNOLD is found Guilty of "Promoting Gang Activity on a Sensitive Needs Yard." This finding of Guilty is based upon the following preponderance of evidence:

**A:** The information contained in the RVR Log# A07-02-0049R, authored by Correctional Sergeant M. Thomas, wherein he states in part, "On 03/16/06, you were placed in Administrative Segregation pending the completion of an investigation into your alleged involvement in promoting/participation in gang/disruption group activity on a Sensitive Need Yard (S.N.Y.) at Salinas Valley State Prison (S.V.S.P.), Facility "A". (Refer to CDCR 1030 Confidential Disclosure Forms dated 03/15/06). On July 13, 2006, this investigation was completed. The investigation revealed that Inmate ARNOLD (H-27763) was actively involved in 2-5 gang activity on Facility "A" S.N.Y. at S.V.S.P. This disruption group has been identified as planning, organizing and soliciting unlawful acts (Enforcing 2-5 Policy & Regulations) on behalf of the organization. According to the information gathered during the investigation, Source #1 identified Inmate ARNOLD as one of the main inmates orchestrating 2-5 gang activity and enforcing policy for 2-5 on Facility "A". Source #2 also identified Inmate ARNOLD attempting to recruit other Inmates on Facility "A" to join this disruptive group. Source #3 identified Inmate ARNOLD as an active 2-5 member. Based on the information obtained throughout the investigation, it was concluded that Inmate ARNOLD knowingly promoted and attempted to organize 2-5 gang actively on Facility "A" S.N.Y. Inmate ARNOLD'S actions actively represents a serious threat to the institutional security."

**B:** The memorandum dated 11/15/06, are confidential per CCR §3321(a)(1) & (2) as divulging this information would endanger the safety of persons and jeopardize the security of the institution.

**C:** Per CCR §3321(c)(2), the confidential source is considered reliable if another confident source has independently provided information. In this instance, as documented by the confidential file, another confidential source has provided information that is consistent with and supports the information provided by this confidential source. There is no reason to believe this consistency is the result of prior corroboration between these confidential sources so it is assumed these confidential sources are independent from one another. This is the reason that the confidential sources in the Memorandum of 11/15/06, are considered reliable. The CDCR-1030 forms list the information as providing true as additional reason.

**D:** The Confidential Sources in the Confidential Memorandum of 11/15/06. **Source #1** Identifies Inmate ARNOLD as one of the main individuals in the 2-5, who is enforcing policy for the 2-5 on Facility "A". **Source #2** Identifies Inmate ARNOLD as one of the main active 2-5 members attempting to recruit other Hispanics inmates on Facility "A". **Source #3** Identifies Inmate ARNOLD recruiting Hispanics inmates on Facility "A" to become 2-5 members and that Inmate ARNOLD is one of the main inmates orchestrating the 2-5.

**Conclusion:** A finding of Guilty is based on the information in the RVR, and the CDCR 1030's forms providing information that Inmate ARNOLD was active as a 2-5 gang member and promoting/recruiting/orchestrating gang activity Facility "A" S.N.Y., at S.V.S.P. Based on the aforementioned, SHO finds there is sufficient evidence to substantiate the charge. Therefore, Inmate ARNOLD is found Guilty of Promoting Gang Activity on a Sensitive Needs Yard.

**Enemy Concerns:** Yes, Due to the information provided in the CDCR-1030's in RVR Log #A07-02-0049R. Refer to Confidential CDCR-812 located in Inmate C-File.

**(Appeal Rights):** Inmate ARNOLD was advised of his rights to appeal and also the policy and procedure of appeal. Inmate ARNOLD was advised that he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer. Inmate ARNOLD has 15 days from the receipt of his final copy to file an appeal.

R.A. Kessler, Correctional Lieutenant

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| _(signature)_ | 3/28/07 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) _(signature)_ | DATE SIGNED 4-18-07 | TIME SIGNED 1200 |
|---|---|---|---|

CDC 115-C (5/95)                                     OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-22763 | ARNOLD | CCR §3023(a) | 02/22/07 | SVSP | A07-02-0049R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☑ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ NA | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |

| | REASON |
|---|---|
| ☑ NOT ASSIGNED | DNMC Per CCR 3315 (d)(2) |

## INVESTIGATIVE EMPLOYEE

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |

| | REASON |
|---|---|
| ☑ NOT ASSIGNED | DNMC Per CCR 3315 (d)(1) |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS):

☑ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| C/o Elias | ☑ | ☐ | | ☐ | ☐ |
| C/o O. Mendoza | ☑ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| | | 1200 | 3/6/07 |

CDC 115-A (7/88)          — If additional space is required use supplemental pages —          OSP 03-74845

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-22763 | ARNOLD | A07-02-0049R | SVSP | 02/22/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER_____

According to the information gathered during the investigation, Source #1 identified Inmate ARNOLD as one of the main inmates orchestrating 2-5 gang activity and enforcing policy for 2-5 on Facility "A". Source #2 also identified Inmate ARNOLD attempting to recruit other Inmates on Facility "A" to join this disruptive group. Source #3 Identified Inmate ARNOLD as an active 2-5 member. Based on the information obtained throughout the investigation, it was concluded that Inmate ARNOLD knowingly promoted and attempted to organize 2-5 gang actively on Facility "A" S.N.Y. Inmate ARNOLD'S actions actively represents a serious threat to the institutional security. Inmate ARNOLD is aware of this report.

M. Thomas, Correctional Sergeant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 2/28/07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 2/8/07 | 1208 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

# EXHIBIT D-2



ATTORNEY CLIENT COMMUNICATION
CONFIDENTIAL

<u>Sent via U.S. Mail</u>

February 12, 2005

     RE:   SETTLEMENT OF CASTILLO V. ALAMEIDA

Dear Friend of CPF:

     First, and foremost, thank you for your patience. I know all of you have been waiting anxiously for news about the settlement in *Castillo v. Alameida, Jr.* et al.[1], dealing with the Department's gang management policies.

     The delay in getting this letter in your hands was due to an unanticipated wait for the presiding judge to sign the settlement agreement. With that final development, CPF is pleased to report on the terms of this important legal settlement resulting in major changes to CDC's gang management policies.

     First, some acknowledgements are in order. The case was originally filed in 1994, thereby making it one of the longest running cases in the U.S. District Court for the Northern District of California. It was litigated by several lawyers including CPF attorney Charles Carbone, Esq.; Graham Noyles, Esq.; and Joy Kruse, Esq., of the firm Lieff Cabraser Heimann and Bernstein, LLP, who donated their attorney time on a pro bono basis. Lieff Cabraser deserves a lot of credit for its willingness to devote significant financial resources to a case that did not have much political support due to the public's misperceptions regarding SHU prisoners.

     It is important to note that much of the laboring on the case was done by the Plaintiff, and SHU inmate, Steve Castillo who deserves significant credit for designing meaningful and winning claims. Steve Castillo is an excellent jailhouse lawyer who was willing to sacrifice some of his individual claims in order to achieve a favorable outcome for all SHU prisoners.

     CPF also thanks the hundreds of individual SHU prisoners and their families for their efforts whether small or large in achieving this long-overdue relief for SHU prisoners. We know that many of you sent us legal documents and assisted with your ideas and input which were greatly valued.

     With this appreciation in mind, here are the details of the case. The case was not a class action, although the First Amendment claims, and the relief provided for under the settlement has the same "dispositive" effect. In other words, despite not being a class action, the relief achieved through settlement is afforded to all SHU prisoners.

     The case was originally brought under several legal theories, including: (1) a 14th amendment claim that SHU gang polices have a disproportionate effect on Hispanic inmates (due

---

[1] The case number is C-94-2847 MJJ, filed in the U.S. District Court for the Northern District of California before the Honorable Martin J. Jenkins

to the fact that 60% of SHU prisoners are Hispanic); (2) an 8th Amendment claim that long-term SHU confinement is cruel and unusual given that this issue was never fully resolved by *Madrid v. Gomez*. This claim was litigated on an individual basis that long-term confinement as applied to Steve Castillo was cruel and unusual. (3) a 1st Amendment claim under the "overbreadth" doctrine that the gang management policies are "vague" and "overbroad" in their capacity to capture or apply to behavior or activity that is protected by the rights of freedom of association and speech. And (4) a claim that Castillo's validation was done in retaliation for his jailhouse lawyering activities.

CDC, through its attorneys, filed no less than five motions to dismiss the case. After many hard fought legal battles, the remaining claims related to the retaliatory gang validation against Castillo and the 1st Amendment "overbreadth" claims applied to all SHU prisoners. Bear in mind that, because the case was not litigated as a class action, no SHU prisoners are presently precluded or prohibited from litigating any of the dismissed claims on their own. In fact, no SHU prisoner is precluded from litigating any future claim included or excluded in Castillo's case. That's good news because any prisoner not satisfied with the outcome of the case or who desires to build upon the success of the case is free to pursue any claim which may overlap (or not) with the Castillo litigation.

By way of further background, it is necessary to understand one of the pivotal reasons settlement was pursued instead of trial. Several reasons suggested that settlement was a better option. The first and most prominent reason deals with the "overbreadth" doctrine which mandates that activity or associations that deserve the highest constitutional protection relate to what courts call "political speech." In other words, it was difficult to argue that SHU inmates deserve an absolute 1st Amendment right to communicate about ordinary events in communications that are later used in gang validations. Speech that is "political in nature" (e.g. two prisoners talking about political organizing or political discussions) is afforded greater constitutional protection. The inability to advance these stronger constitutional claims rested on the fact that most prison gang validations do not concern purely political speech -- instead they deal with cultural images, or communications about the ordinary incidents of prison life.

With this in mind, here are some thoughts about what we learned about the validation process. First, we learned via deposition that "high ranking" CDC officials had a shamefully faulty understanding of the workings of their own poorly worded regulations. This weak understanding of CDC regulations by its officials was made worse by the obvious and serious consequences of the gang validation regulations, namely a minimum of six years in solitary confinement. CPF was disturbed by the varying, conflicting, and inaccurate understanding that CDC officials had of their own regulations. CDC offered as one explanation that turnover for IGI's was especially high among CDC employees. But CPF believes that CDC is ultimately responsible for not understanding its regulations which inflict enormous cruelty and unfairness on SHU prisoners.

In their abbreviated form, here are the exact types of relief from the settlement. The Department is required to amend Title 15 of the California Code of Regulations and the Department Operations Manual to reflect each of the changes set forth below:

(1)  CDC is required to find that any SHU prisoner be an "active" gang member in prior to approving a prison gang validation;
(2)  CDC is required to have an "articulable basis" (meaning something that includes reasonable facts) as to why a source item is indicative of gang activity. CDC is required to document this "articulable basis."
(3)  Gang activity is defined as any illegal, unlawful, or criminal activity done in furtherance of the goals of a prison gang;
(4)  Prior to approval of a validation, CDC is required to give the prisoner notice of the considered source items;

(5) Prior to approval of a validation, CDC is required to ask for and record (i.e. document) an inmate's views on the considered source items and forward the inmate's views to the validation decision makers;

(6) CDC can no longer rely on confidential informants who provide nothing more than a name of a prisoner in connection to a prison gang. Confidential informants must refer to specific acts that an inmate allegedly did in connection with a prison gang;

(7) CDC can no longer rely on "hearsay" from confidential informants. Informants must have personal knowledge of the confidential information disclosed;

(8) CDC can no longer use one incident reported by several sources (confidential or otherwise) as multiple source items, and instead must count one incident, regardless of the number of sources, as one source item;

(9) CDC must train all IGI's and LEIU staff on these new changes in a timely fashion;

(10) CDC must consider developing a training and informational video for prisoners on gang diversion topics; and

(11) These changes will not be "retroactive" but instead will apply to prisoners as they come up for their six years active/inactive review at which time CDC must deem the prisoner as an "active" gang members in order to affirm the validation.

The above provides a sketch of the exact terms afforded under the settlement. For a fuller explanation of each terms, CPF directs prisoners to the prison's law library where CPF will make a copy of the settlement available. CPF will also post the settlement on our web site – www.prisons.org -- so your family members or loved ones can download the settlement and send it to you.

CPF anticipates that not everyone will be completely satisfied with the settlement because neither are we. If truly implemented by CDC, the settlement will, however, bring some long over-due fairness and equity into what CPF has long perceived to be an inherently unfair system that keeps people locked up indefinitely in SHU. CPF's mission remains the closing of all SHU units in California. Until that day comes, we must fight for greater fairness and justice in how CDC uses these punishment units.

In closing, CPF stands in solidarity with the overall struggle of SHU prisoners and we will not give up until your human rights are respected.

In support,


Charles Carbone, Esq.
On behalf of CPF


**Turn this page over for more important information**

**STATE OF CALIFORNIA**
**COUNTY OF MONTEREY**

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, Anthony Arnold _____ declare under penalty of perjury that: I am the Plaintiff _____ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this 06 day of APRIL _____, 2008 _____, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) _____
DECLARANT/PRISONER

------------------------------------------------------------

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, Anthony Arnold _____, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On APRIL 06 _____, 2008 _____, I served the foregoing: Complaint Under the Civil Rights Act Title 42 U.S.C. Sec 1983 _____

_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

United States District
Court Northern District of California
280 South First Street
San Jose, CA 95113- (408) 535-5364

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 4 - 06 _____, 2008 _____, _____
DECLARANT/PRISONER



UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST STREET
SAN JOSE, CA. 95113

ANTHONY ARNOLD #H33763
SALINAS VALLEY STATE PRISON
A1-108U P.O. BOX 1050
SOLEDAD, CA. 93960-1050

LEGAL MAIL

STATE PRISON
GENERATED MAIL