IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARNOLD, | No. C 08-1889 CW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| M. S. EVANS, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Anthony Arnold, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), filed the instant pro se prisoner complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because the alleged conduct giving rise to Plaintiff's claims took place at SVSP, which is located in this judicial district. 28 U.S.C. § 1391(b).

## BACKGROUND

According to the allegations in the complaint, Plaintiff "is being subjected to continuose [sic] violations of the due process clause by way of state evidentiary rules within prison authority that resulted in a denial of fundamental fairness." (Compl. at 3.) He claims that Defendants "deal directly with causing Plaintiff sadistic suffering . . . ." (Id.)

Plaintiff seeks damages and injunctive relief. He names as Defendants: SVSP Warden M. S. Evans, SVSP Chief Deputy Wardens G. A. Neotti and A. Hedgpeth, as well as SVSP Facility A Captain D. M. Mantel.

STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

DISCUSSION

Plaintiff asserts that he is being subjected to continuous due process violations and that Defendants have caused him "sadistic suffering." These are the only allegations, and Plaintiff has failed to provide any additional facts. The Court finds that these allegations are not sufficient to state a plausible claim that Plaintiff's constitutional rights were violated. Therefore, the complaint is dismissed with leave to amend.

In amending, Plaintiff should provide enough facts to explain, for instance, in what way he contends his due process rights are being violated. Plaintiff must allege facts sufficient to show

2

that Defendants' actions rise to the level of constitutional violations.

Plaintiff is attempting to hold Defendants Evans, Neotti, Hedgpeth, and Mantel liable; therefore, he must allege facts showing what each defendant did that violated his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights).

If Plaintiff is alleging that any of the named Defendants is liable as a supervisor, he must allege that Defendant "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Within <u>thirty (30) days</u> from the date of this Order Plaintiff may file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Plaintiff's failure to file an amended complaint will result in the dismissal of this action without prejudice for failure to state a claim upon which relief may be granted.

2. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED: 11/25/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY ARNOLD,

        Plaintiff,

v.

M.S. EVANS, WARDEN, ET AL. et al,

        Defendant.

Case Number: CV08-01889 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Arnold H-22763        w/CR form
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: November 25, 2008

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk