IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY ARNOLD, | ) | No. C 08-1889 CW (PR) |
| Plaintiff, | ) | ORDER OF SERVICE |
| v. | ) | |
| M. S. EVANS, et al., | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff Anthony Arnold, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), filed a <u>pro se</u> prisoner complaint under 42 U.S.C. § 1983.

The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and dismissed it, finding that Plaintiff's allegations did not support a due process claim against Defendants. The Court allowed Plaintiff to file an amended complaint to cure the pleading deficiency. Plaintiff then filed his amended complaint on December 17, 2008.

## BACKGROUND

According to the allegations in the amended complaint, Plaintiff was placed in administrative segregation on March 16, 2006 "pending the completion of an investigation into alleged involvement in promoting/participation in gang/disruptive group activity on a sensitive needs yard at Salinas Valley State Prison." (Am. Compl. at 3.) Thereafter, Plaintiff was found guilty "solely on (1030's) confidential [information] disclosure forms which were false, unreliable, and insufficient for the following reasons:

(Exhibit #7) confidential disclosure form states that Plaintiff has a pair of lips tatoo[ed] on his body which has proven to be an identifier of those belonging to the 2-5 gang." (Id.) Plaintiff claims that he does not have a "lips tatoo" on his body. (Id.) He claims other due process violations occurred during the hearing, specifically that the hearing officers did not disclose all the evidence they relied upon and that they denied him the opportunity to call witnesses.

On April 4, 2006, prison officials reviewed Plaintiff's records in light of his 602 inmate appeal relating to his due process claim.

On October 4, 2006, his 602 appeal was reviewed at the second level of review. Defendant A. Hedgpeth partially granted his appeal. He stated that a new Rules Violation Report would be issued and another hearing would take place. According to his Second Level Appeal Response, the Chief Disciplinary Officer was "ordered to assign a new Senior Hearing officer to this matter and ensure that all procedural due process rights are afforded the inmate as provided in Title 15, Division 3." (Pl.'s Ex. 3, Oct. 4, 2006 Second Level Appeal Response at 2.)

Another hearing was conducted on March 28, 2007, and Plaintiff states he was found guilty and placed in long-term administrative segregation without a fair hearing and on the basis of evidence that is unreliable and insufficient under the terms of the settlement agreement in Castillo v. Alameida, No. 94-2847 MJJ (PR) (N.D. Cal.). Plaintiff seeks monetary damages and injunctive relief.

STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

DISCUSSION

The decision to place and retain a prisoner in administrative segregation must comport with procedural due process only if the specific deprivation at play constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's deprivation here -- a prolonged term of administrative segregation -- suggests sufficient severity to implicate procedural due process protection. The Ninth Circuit has held that a prisoner was entitled to the following procedures before placement in

administrative segregation: (1) an informal nonadversary hearing within a reasonable time after being segregated, (2) notice of the charges or the reasons segregation is being considered, and (3) an opportunity to present his views. See <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1100 (9th Cir 1986). There also must be "some evidence" to support the decision to segregate the prisoner for administrative reasons, <u>id.</u> at 1104-04 (citing <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985)), and the evidence relied upon must have "some indicia of reliability," <u>Madrid v. Gomez</u>, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995). In view of the following, Plaintiff's allegations regarding placement and retention in administrative segregation, when liberally construed, state cognizable claims under § 1983 for denial of due process against the following Defendants at SVSP: Warden M. S. Evans; Associate Warden G. Neotti, Chief Deputy Warden A. Hedgpeth; and Captain D. M. Mantel.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall mail to SVSP Warden M. S. Evans; Associate Warden G. Neotti, Chief Deputy Warden A. Hedgpeth; and Captain D. M. Mantel: a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 7), and a copy of this Order. The Clerk of the Court shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to

Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

3. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment

or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and

must comply with the Court's orders in a timely fashion

    7.   Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

    IT IS SO ORDERED.

DATED: 1/25/10

                        CLAUDIA WILKEN
                        United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY ARNOLD,

    Plaintiff,

v.

M.S. EVANS, WARDEN, ET AL. et al,

    Defendant.

Case Number: CV08-01889 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Arnold H-22763
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: January 25, 2010

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk