IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARNOLD,<br><br>        Plaintiff,<br><br>  v.<br><br>M. S. EVANS, et al.,<br><br>        Defendants.<br>_____ | No. C 08-1889 CW (PR)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION; DENYING DEFENDANTS' MOTION TO STAY DISCOVERY; AND SETTING BRIEFING SCHEDULE<br><br>(Docket nos. 31, 32) |

INTRODUCTION

Plaintiff Anthony Arnold, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), filed a <u>pro se</u> prisoner complaint under 42 U.S.C. § 1983.

Plaintiff filed an amended complaint on December 17, 2008. In an Order of Service dated January 25, 2010, the Court found that Plaintiff had adequately alleged a cognizable due process claim against Warden M. S. Evans, Associate Warden G. Neotti, Chief Deputy Warden A. Hedgpeth and Captain D. M. Mantel.

On June 28, 2010, Defendants filed their motion for summary judgment on the grounds that: (1) Plaintiff does not have a liberty interest sufficient to trigger due process protection; (2) if he is entitled to due process protection, that protection has been given; and (3) they are entitled to qualified immunity.

On July 15, 2010, Plaintiff filed a request under Federal Rule of Civil Procedure 56(f) for an extension of time to oppose summary judgment. He also filed a declaration in support of his Rule 56(f) motion.

On July 19, 2010, Defendants filed a motion to stay discovery pending the Court's ruling on their motion for summary judgment of qualified immunity.

On July 22, 2010, Defendants' counsel filed a declaration opposing Plaintiff's Rule 56(f) motion.

## DISCUSSION

Defendants' motion for summary judgment is not solely based on the issue of qualified immunity. Only if qualified immunity were the sole basis for Defendants' motion for summary judgment would the Court consider staying discovery pending resolution of the dispositive motion. Staying discovery would delay resolution of the case if the motion for summary judgment is denied. Therefore, Defendants' request to stay discovery pending resolution of the question of qualified immunity is DENIED.

Also before the Court is Plaintiff's Rule 56(f) motion. Rule 56(f) provides a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(f) provides that a court may deny a summary judgment motion to permit discovery if it appears that a party cannot present facts essential to opposing the motion. The Rule requires an affidavit which sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact. See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986).

Plaintiff's Rule 56(f) motion does not make clear what discovery he is seeking. In his declaration, Plaintiff seeks "an incident report dated February 13, 1999." (Pl. Decl. at 1.)

However, in his Rule 56(f) motion, he cites to Exhibits (1) through (4). Exhibit (1) is a letter to the "A Facility Building 1 Counselor" seeking a committee action summary dated July 13, 2006; confidential information disclosure form (1030) dated July 13, 2006; and a "confidential report that was used to label [him] as a 2-5 member (without revealing the informant [sic] identity)." (Rule 56(f) Mot., Ex. 1, at 1.) It does not appear that Plaintiff sent this request to Defendants or their counsel. (See id.) Exhibit (2) is a request written on an interview request form to "Custody, attn: Rhea," seeking an incident report from 2000 in Mule Creek. (Rule 56(f) Mot., Ex. 2, at 1.) This request was sent to Defendants' counsel. (Id. at 2.) Exhibit (3) is a request for the previously mentioned July 13, 2006 documents, sent to Defendants. (Rule 56(f) Mot., Ex. 3, at 1-2.) Exhibit (4) appears to be a request for Defendants to admit the genuineness of the two July 13, 2006 documents. (Rule 56(f) Mot., Ex. 4, at 1-3.) It is therefore not clear if Plaintiff is seeking a 1999 incident report, a 2000 incident report, 2006 disclosure forms and action summaries, a confidential report, or another report entirely.

    Defendants' counsel's declaration does not clarify Plaintiff's request. Counsel has interpreted Plaintiff's motion as seeking the document mentioned in Exhibit (2), the 2000 Mule Creek incident report. (Kwong Decl. at 2.) Counsel reports that he provided this document to Plaintiff on July 21, 2010 and believes there are no other outstanding discovery requests. (Id.) It is therefore not clear to the Court if Plaintiff's discovery requests have been met and if he still desires an extension of time to complete his

3

opposition to Defendants' motion for summary judgment.

Plaintiff has failed to satisfy other requirements of Rule 56(f). As the Ninth Circuit stated in <u>Continental Maritime v. Pacific Coast Metal Trades</u>, 817 F.2d 1391, 1395 (9th Cir. 1987), under Rule 56(f) "the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." <u>Id.</u> Plaintiff has not met this burden. Plaintiff fails to demonstrate how "additional discovery would have revealed specific facts precluding summary judgment." See <u>Tatum v. City and County of S.F.</u>, 441 F.3d 1090, 1101 (9th Cir. 2006). The requested documents are sought without explanation of what specific, material facts these documents will likely disclose; Plaintiff only states in conclusory fashion that they will help him "show the existence of genuine issues of material facts." (Pl. Decl. at 1.) Such a conclusory statement is not sufficient under Rule 56(f); Plaintiff has not met his burden under the Rule.

Nevertheless, Plaintiff is only asking for a sixty-day extension of time and this is his first request. Therefore, the Court grants Plaintiff a sixty-day extension of time in which to file his opposition to summary judgment.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to stay discovery (docket no. 32) is DENIED. Defendants' request for a thirty-day extension of time to respond to any outstanding discovery requests is GRANTED in part and DENIED in part. The Court DENIES Defendants' request for a thirty-day extension but finds that a brief extension is warranted.

4

1  Defendants must respond to Plaintiff's discovery requests no later
2  than fifteen (15) days from the date of this Order.
3       2.   Plaintiff's motion for an extension of time to file an
4  opposition to Defendants' motion for summary judgment (docket no.
5  31) is GRANTED.  Plaintiff is directed to file his opposition no
6  later than seventy-five (75) days from the date of this Order.  If
7  Defendants wish to file a reply brief, they shall do so no later
8  than fifteen (15) days after the date Plaintiff's opposition is
9  filed.
10      3.   This Order terminates Docket nos. 31 and 32.
11      IT IS SO ORDERED.
12 DATED: 8/13/2010              *(signature)*
13                                CLAUDIA WILKEN
                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY ARNOLD,

        Plaintiff,

v.

M.S. EVANS, WARDEN, ET AL. et al,

        Defendant.

Case Number: CV08-01889 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 13, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Arnold H-22763
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: August 13, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk